UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-09042-VAP-(ASx) | Date | February 11, 2022 |
|---|---|---|---|
| Title | *Diondra Williams et al v. Dumaguindin et al.* | | |

| Present: The Honorable | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE |
|---|---|

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER GRANTING IN PART PETITION FOR MINORS' COMPROMISE [DOC. NO. 139] (IN CHAMBERS)

Kimberly Jenkins, Guardian *Ad Litem* for minor Plaintiff B.A.M. ("Plaintiff"), filed an *Ex Parte* Application for Minor's Compromise ("Application") on January 24, 2022. (Doc. No. 139.) The Court has considered the papers filed in support of the Petition and deems this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15. For the following reasons, the Court rules as follows:

### I.     Background

On October 27, 2020, Plaintiff B.A.M., a minor through his Guardian *Ad Litem* Kimberly Jenkins, filed a Complaint against Defendants the City of Pasadena, the Pasadena Police Department, Chief of Police John Perez, and Officer Edwin Dumaguindin. (*BAM, a minor v. City of Pasadena et al.*, 5:20-cv-02252-VAP-(ASx)). The Complaint alleges City of Pasadena police officer Edwin Dumaguindin shot and killed Plaintiff's father Anthony McClain. (*Id.*) The Court consolidated Plaintiff's case with the instant action on January 7, 2021. (Doc. No. 54.)

Plaintiff, through his Guardian *Ad Litem*, filed the instant Application on January 24, 2022.  (Doc. No. 139.)  Plaintiff attaches several documents in support of the Application, including a Declaration of Kimberly Jenkins, a Declaration of Hang D. Le, a copy of the proposed Structured Settlement ("Structured Settlement"), and itemized attorneys' costs.  (*Id.*)  Plaintiff supplemented the Application on January 31, 2022.  (Doc. No. 143.)

### II. Legal Standard

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of evaluating proposed settlements in suits involving a minor plaintiff, the district court has a duty to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor."  *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  This duty requires the district court to consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  *Id.* at 1182.

When evaluating a case involving a minor plaintiff's federal claims,[1] the district court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . .

---

[1] The Ninth Circuit explicitly limited its holding to cases "involving" the settlement of a minor's federal claims.  *See Robidoux*, 638 F.3d at 1179 n.2.  The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims.  Here, however, the Court has federal question jurisdiction and is exercising supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, as the case "involves" the settlement of Plaintiff's federal claims, the Court applies the *Robidoux* standard to the entire settlement.  *See Guerrero v. Brentwood Union Sch. Dist.,* No. 13-03873, 2014 WL 1351208, at *2 n.2 (N.D. Cal. Apr. 4, 2014) (applying *Robidoux* standard to settlement of section 1983 and state law claims); *Doe ex rel. Scott v. Gill*, Nos. 11-4759, 11-5009, 11-5083, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (applying *Robidoux* standard to settlement of federal and state law claims); *Botello v. Morgan Hill Unified Sch. Dist.*, No. 09-02121, 2011 WL 5313965, at *1 n.1 (N.D. Cal. June 6, 2011) (same).

plaintiff's counsel."[2]  *Id.*  If the net recovery of each minor plaintiff is fair and reasonable, the Court should approve the settlement "as presented."  *Id.* at 1182.

### III.  Discussion

Plaintiff moves the Court to approve the compromise of his claims in exchange for Defendant's payment of $2,500,000 as a gross settlement. (Application at 3.)  Plaintiff's counsel requests payment of 25 percent of the gross settlement amount as his reasonable attorneys' fees, and reimbursement of $5,863.37 in litigation costs.  (*Id.*)  Plaintiff also moves the Court to approve a $2,000 monthly stipend to Kimberly Jenkins, Plaintiff's mother, until Plaintiff reaches the age of majority.  (Jenkins Decl., Doc. No. 143.)  Pursuant to Plaintiff's Application, his net recovery would be $1,819,136,63 and Plaintiff requests the funds to be paid in a structured annuity.  (*Id.* at 4.)

#### a.  Methods of Disbursement

As the proposed settlement resolves state law claims, the Court can use a variety of methods for the disbursement of settlement funds to a minor under Cal. Prob. Code § 3600 *et seq*.  The Plaintiff proposes one single structured settlement annuity to protect the minor's interests as the bulk of the settlement will be released after the minor Plaintiff has reached the age of majority.  *See S.A.C. by and though Velazquez v. County of San Diego*, No. 17-01893, 2020 WL 6559139, at *3 (S.D. Cal. Nov. 9, 2020).  Although the amounts are subject to adjustment as explained below, the Court finds the methods of disbursements to the minors to be fair, reasonable, and within the bounds of applicable law. *See* Cal. Prob. Code § 3602(c)(1).

#### b.  Guardian *Ad Litem*'s Proposed Receipt of Share of Settlement

The Court next considers Kimberly Jenkin's, Guardian *Ad Litem* for minor Plaintiff B.A.M., request for Plaintiff's share of the settlement proceeds totaling $92,000.[3]  (Jenkins Decl. ¶ 3, Doc. No. 143.)  Jenkins requests a $2,000 monthly

---

[2] The Ninth Circuit has limited the District Court's ability to analyze the fairness of the proportion of a minor's settlement that is allocated for attorneys' fees.  *See Rubidoux*, 638 F.3d at 1181 (reversing District Court's decision to deny a minor's settlement agreement on the basis that the settlement allocated 56 percent of the settlement to attorneys' fees because the district court applied the wrong legal standard).

[3] Jenkins calculates incorrectly the total amount as $48,000.  (Jenkins Decl. ¶ 3.) As 3 years and 10 months remain until B.A.M. is 18 years of age, totaling 46

stipend for expenses such as 1) $3,899 on orthodontics; 2) $240-500 monthly for extra-curricular football programs; 3) $2,000 for a laptop for school; 4) $2,000 for a new bed and mattress; and 5) $150 monthly for extra-curricular boxing and martial arts programs.  (Jenkins Decl. ¶ 4.)  In "safeguard[ing] the interests of litigants who are minors," *Robidoux*, 638 F.3d at 1181, the Court finds these are reasonable expenses that benefit minor B.A.M. directly.  *See S.A.C. by and though Velazquez*, 2020 WL 6559139, at *3 ("This would provide for a $1,000 monthly stipend to guardian ad litem, [], as parent and natural guardian of the minor Plaintiff S.A.C. until she reaches the age of majority, commencing on March 1, 2021. (Id. at 4, 7.) The monthly stipend will specifically go towards minor Plaintiff S.A.C's monthly expenses, including clothing, food, school supplies, school activities, extracurricular activities, and pediatric psychological therapy.")

Accordingly, the Court **GRANTS** the request for disbursal of settlement proceeds in the amount of $2,000 monthly to the Guardian *Ad Litem*.

### c.  Request for Attorneys' Fees by Counsel

The Court next addresses the request by Plaintiff's counsel Hang D. Le ("Le") for attorneys' fees in the amount of 25 percent of the gross settlement amount.  (Application at 3.)  Le notes that although section 1983 cases involve a substantial amount of risk, this settlement occurred at an early state in the litigation and thus warrants a reduction from their retainer agreement with Plaintiff.  (*Id.* at 4.)  Le also requests $5,863.37 in litigation costs, attaching an itemization of such costs.  (Ex. D, Le Decl.)

Local Rule 17-1.4 requires the Court to fix the amount of attorneys' fees in any case involving a minor.  *See* C.D. Cal. L.R. 17-1.4; *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("Local rules have the 'force of law' and are binding upon the parties and upon the court, and a departure from local rules that affects 'substantive rights' requires reversal."). The Ninth Circuit's decision in *Robidoux* instructs "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs or plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182.  Although the parties did not raise this issue, the Court notes some courts have read *Robidoux* to suggest courts should not evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements

---

months, and Jenkins requests $2,000 per month, the total amount is $92,000 (46 x $2,0000).  (*See* Ex. A, Doc. No. 139-3.)

of minors' claims.  *See, e.g., Allison v. Gramercy YZE, LLC*, No. 14-00862, 2014 WL 12569372, at *3 (C.D. Cal. Dec. 9, 2014) (grappling with reconciling Local Rule requiring court to fix amount of attorney's fees with *Robidoux* and deciding to fix attorney's fees for the settlement at $0 because the terms of the settlement proposed attorneys' fees would not be taken from the child's recovery); *Bagley v. Miller & Desatnik Mgmt. Co., Inc.*, No. 13-03784, 2014 WL 12607674, at *3 (C.D. Cal. Mar. 17, 2014) (same).  The Court does not agree with that interpretation as applied in this case.

This case has a key distinguishing feature from the facts presented in *Robidoux*.  In *Robidoux*, the district court had denied in part the parties' motion to approve the proposed settlement, which included as a material term that plaintiffs' counsel would recover approximately 56 percent of the settlement amount as attorneys' fees.  638 F.3d at 1182.  The Ninth Circuit found the district court abused its discretion in denying in part the motion based on the amount of attorneys' fees alone because it placed "undue emphasis on the amount of attorneys' fees provided for in [the] settlement."  *Id.* at 1181.

Here, by contrast, the attorneys' fees at issue are not a material term of the proposed settlement.  In approving the settlement between Plaintiff and Defendants, the Court has considered only "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases" as required by *Robidoux*.  *Id.* at 1182.  As stated herein, the Court approves the settlement between minor Plaintiff and Defendants as reasonable, consistent with *Robidoux*, considering only the reasonable of the net recovery for minor Plaintiff.

The amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiff and minor Plaintiff's counsel.  The Court evaluates the request for attorney's fees by minor Plaintiff's counsel in light of its "special duty to safeguard the interests of litigants who are minors."  *Castillo v. County of Los Angeles*, No. 14-07702, 2017 WL 5188576, *3 (C.D. Cal. Mar. 6, 2017) (quotation marks and citation omitted); *see Castillo v. County of Los Angeles*, No. 14-07702, 2017 WL 5172172, at *5 (C.D. Cal. Jan. 6, 2017) (evaluating reasonableness of request for attorneys' fees in case involving a minor post-*Robidoux*, consistent with Central District of California's Local Rule 17-1.4's requirement that the court fix the amount of attorneys' fees in any case involving a minor); *Popal v. Nat'l Passenger R.R. Corp.*, No. 15-00553, 2016 WL 9114149, at *3 (N.D. Cal. Oct. 24, 2016) (evaluating reasonableness of request or attorneys' fees in connection with petition for minor's compromise post-*Robidoux*).

The Court applies California law to evaluate this request for attorneys' fees.  *See* C.D. Cal. L.R. 17-1.3 ("Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384."); *Mugglebee v. Allstate Ins. Co.*, No. 14-2474, 2018 WL 1410718, at *4 (S.D. Cal. Mar. 21, 2018) (concluding "[t]he *Robidoux* court did not mandate a specific standard to evaluate the reasonableness of attorney's fees" and applying California law to determine reasonableness of attorney's fees sought by minor plaintiff's counsel); *see also McCue v. S. Fork Union Sch. Dist.*, No. 10-00233, 2012 WL 2995666, at *2 (E.D. Cal. July 23, 2012) ("[f]ederal courts generally require that claims by minors . . . be settled in accordance with applicable state law") (quotation marks and citation omitted).  In *Gonzalez v. Chen*, 197 Cal. App. 4th 881, 884 (2011), the California Court of Appeal explained the factors set forth in California Rule of Court 7.955 must be considered when evaluating a claim for attorneys' fees in the context of a minors' compromise petition.  *See Gonzalez v. Diversified Real Prop. Mgmt. & Bus. Services, Inc.*, No. 09-718, 2010 WL 1015756, *2-3 (C.D. Cal. Mar. 29, 2010) (applying Rule 7.955 when evaluating reasonableness of request for attorneys' fees in representation of minor plaintiffs); *A.M.L. v. Cernaianu*, No. 12-06082, 2014 WL 12588992, at *4 (C.D. Cal. Apr. 1, 2014) (applying Rule 7.955 factors to evaluate reasonableness of attorneys' fees on alternative state law grounds); *see also Nephew v. Santa Rosa Mem'l Hosp.,* No. 15-01684, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015) (evaluating reasonableness of attorneys' fees on state law grounds in the alternative "to the extent *Robidoux* does not apply").  Plaintiff's counsel presents declaration testimony regarding only some of the fourteen factors set forth in Rule 7.955.  (*See* Le Decl.)

The Court gives great weight to the promptness of the resolution of this case.  It also notes the factual and legal issues were not complex, nor were there novel or complex legal questions involved.  No expert discovery took place, and there was minimal motion practice as to discovery.  Plaintiff also correctly asserts that this case settled well before trial.  (Application at 4.)  Minor Plaintiff's counsel did invest time and effort in discovery, including written discovery and retaining experts.  (Ex. D, Le Decl.)  That is true of most civil rights cases, however.  On balance, the relevant factors set forth in California Rule of Court 7.955 weigh in favor of granting minor Plaintiff's counsel's request for 25 percent of the gross settlement fund, *i.e.*, after reimbursement of necessary costs.  *See Leung v. China S. Airlines Co. Ltd.*, No. 19-00681, 2020 WL 11776515, at *3 (C.D. Cal. Jan. 27, 2020) ("This Court has found that 25% of recovery is the benchmark for attorney's fees in cases involving minors."); *A.G.A. v. County of* Riverside, NO.

19-00077, 2019 WL 2871160, at *4 (C.D. Cal. April 26, 2019) (approving settlement and counsel's 25 percent in attorney's fees in action involving the police shooting and killing minor plaintiff's father.); *Napier by and through Quiroz v. San Diego County*, No. 15-00581, 2017 WL 5759803, at *4 (S.D. Cal. Nov. 28, 2017) (same); *Garlick v. County of Kern*, No. 13-01051, 2016 WL 4087057, at *2 (E.D. Cal. Aug. 2, 2016) (same); *Cotton ex rel. McClure v. City of Eureka*, 2012 WL 6052519, at *1-2 (N.D. Cal. Dec. 5, 2012.) (approving $2,646,765.90 net amount for minor, following the death of her father after an altercation with police officers, from $4,000,000 settlement.)

The Court also notes that the Application and Le's Declaration provide sufficient detail to approve their costs in the amount of $5,863.37. (Ex. D, Le Decl.) *See Napier*, 2017 WL 5759803, at *3 ("to help the Court make the reasonableness determination the petition to approve the minor's compromise should provide a detailed listing of the litigation costs associated with the litigation.")

Plaintiff's counsel, however, incorrectly calculated the total amount of attorney's fees. Counsel's 25 percent of the gross settlement fund is calculated **after** reimbursement of litigation costs. *See Castillo*, 2017 WL 5172172 at *5 (fixing attorneys' fees at a percentage of the recovery of each minor plaintiff after costs were deducted). After assessing the litigation costs of $5,863.37, the gross settlement total is $2,494,136.63. Plaintiff's counsel's reasonable attorney's fees ($2,494,136.63 x 25%) amount to $623,534.16.

Accordingly, the Court **GRANTS, IN PART,** counsel's request for attorney's fees.

**In summary, the Court finds as follows:**

The total gross settlement of $2,500,000 for minor Plaintiff is reasonable.

As stated above, Plaintiff's counsel is awarded reasonable attorney's fees of 25 percent of the net settlement amount, *i.e.*, after deduction of allowable costs from $2,500,000, or no more than **$623,534.16**.

Jenkins shall recover a total of $92,000 in **monthly installment of $2,000,** through the proposed structured annuity, until minor B.A.M. reaches the age of 18. (Ex. A, Le Decl.); *see also* Cal. Prob. Code § 3602(c)(1); *S.A.C. by and though Velazquez*, 2020 WL 6559139, at *3.

The Court approves payment of the remaining amount of the settlement funds, in a sum of no less than **$1,778,602.47** as his net share of the settlement, which is a fair and reasonable net amount to compensate minor Plaintiff. See *Robidoux*, 638 F.3d at 1179.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS, IN PART**, the *Ex Parte* Application for Minor's Compromise for Minor Plaintiff B.A.M.

**IT IS SO ORDERED.**