UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-09042-VAP-(ASx) | Date | April 15, 2022 |
|---|---|---|---|

Title  *Diondra Williams et al v. Dumaguindin et al.*

Present: The Honorable  VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   MINUTE ORDER GRANTING, IN PART, PETITION FOR MINORS' COMPROMISE [DOC. NOS. 155, 158, 164] (IN CHAMBERS)

Diondra Williams, Guardian *Ad Litem* for minor Plaintiff S.M., and Solemuli Afaese, Guardian *Ad Litem* for Plaintiff A.M. (collectively, "Plaintiffs"), filed proposed orders for Minors' Compromise on March 24, 2022, and April 12, 2022. (Doc. Nos. 158, 164.)  The Court construes the proposed orders as a Petition for Approval of Minors' Compromise ("Petition").  The Court has considered the papers filed in support of the Petition and deems this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15.  For the following reasons, the Court **GRANTS, IN PART,** the Petition as follows:[1]

The Court GRANTS the request of disbursal of settlement proceeds in the amount of $2,000 monthly each to Diondra Williams, Guardian *Ad Litem* for minor Plaintiff S.M., and Solemuli Afaese, Guardian *Ad Litem* for Plaintiff A.M. The monthly stipend shall be used for "school supplies, school activities,

---

[1] The Court discusses the background, legal standard, and reasoning in more detail in its December 23, 2021, March 8, 2022, and April 7, 2022, Orders.  (Doc. Nos. 134, 156, 161.)

extracurricular activities, and pediatric psychological therapy." *See S.A.C. by and though Velazquez v. County of San Diego*, No. 17-01893, 2020 WL 6559139, at *3 (S.D. Cal. Nov. 9, 2020).

The Court also GRANTS attorneys' fees in the amount of 25 percent of the settlement amount. *See Robidoux v. Rosengren*. 638 F.3d 1177, 1182 (9th Cir. 2011) (holding courts can consider only "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases.")

Finally, the Court GRANTS litigation costs of $28,083.35 requested in the original Petition. (Doc. No 127.) Although the Court's April 7, 2022, Order requested clarification of the litigation costs (Doc. No. 161), Plaintiffs submitted that they "have no further details to add to the Request for Costs." (Doc. No. 164.)

**In summary, the Court finds as follows:**

The total gross settlement of **$2,500,000** for each minor Plaintiff is reasonable.

As stated above, Plaintiff's counsel is awarded reasonable attorney's fees of 25 percent of the net settlement amount from each minor Plaintiff, *i.e.*, after deduction of $28,083.35 in litigation costs. As the Court equally divides the litigation costs between the Plaintiffs ($28,083.35/2 = $14,041.48), Plaintiff's counsel is awarded no more than **$1,242,979.16** in attorneys' fees ($2,500,000 - $14,041.68 * 25% = $621,489.58 * 2 = $1,242,979.16).

The Court approves the balance of the settlement to fund the proposed structured annuity, in a sum of no less than **$1,864,468.74** as each Minor Plaintiff's net share of the settlement, which is a fair and reasonable net amount to compensate minor Plaintiffs S.M. and A.M. *See Robidoux*, 638 F.3d at 1179.

Diondra Williams shall recover a total of **$340,000.00** in monthly installment of $2,000, through the proposed structured annuity, until minor S.M. reaches the age of 18, and Solemuli Afaese shall recover a total of **$182,000.00** in monthly installment of $2,000, through the proposed structured annuity, until minor A.M. reaches the age of 18.

For the foregoing reasons, the Court **GRANTS, IN PART,** the Petition for Minors' Compromise for Minor Plaintiff S.M. and Minor Plaintiff A.M.

**IT IS SO ORDERED.**